UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JASON MCNALLY,

              Plaintiff,

      v.

MATT POBLOSKE, SCOTT BIAGGI,
AUV LLC, and GST HOLDINGS LLC,

              Defendants.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

## C O M P L A I N T

Plaintiff Jason McNally alleges the following for his complaint against Defendants Matt Pobloske, Scott Biaggi, AUV LLC, and GST Holdings LLC.

### NATURE OF THE CASE

1.    Defendants failed to pay Plaintiff Jason McNally the wages he was owed under the Fair Labor Standards Act (FLSA) and Michigan's Workforce Opportunity Wage Act.  In fact, from November 10, 2019 until January 3, 2020, Defendants refused to pay McNally *any of the compensation owed to him at all*.

2.    By doing so, Defendants violated the FLSA and Michigan wage and hour law, and they also breached their employment agreement with McNally.

3.      McNally is entitled to recover damages that include, but are not limited to, lost wages, liquidated damages, attorney's fees, and litigation costs.

### PARTIES, JURISDICTION, AND VENUE

4.      Plaintiff Jason McNally is an individual person who resides in Kalamazoo County, Michigan.

5.      Defendant AUV LLC is a limited liability company organized under the laws of the State of Arizona.  The Court has personal jurisdiction over Defendant AUV under Michigan Compiled Laws Sections 600.715(1) and 600.715(5) because the company transacted business and entered into contracts for services when, among other things, it employed McNally in Michigan.  The Court also has personal jurisdiction over Defendant AUV under Michigan Compiled Laws Sections 600.715(3) and (4) because the company owned and used property and equipment located in Michigan, and because the company provided workers' compensation to insure McNally while he was working in Michigan.

6.      Defendant GST Holdings LLC is a limited liability company organized under the laws of the State of Arizona.  The Court has personal jurisdiction over Defendant GST Holdings under Michigan Compiled Laws Sections 600.715(1) and 600.715(5) because the company transacted business and entered into contracts for services when, among other things, it employed McNally in Michigan.  The Court also has personal jurisdiction over Defendant GST Holdings under Michigan Compiled Laws Sections 600.715(3) and (4) because the company owned and used property and equipment located in Michigan, and because the company provided workers' compensation to insure McNally while he was working in Michigan.

7.      Defendant Matt Pobloske is an individual person who resides in Pima County, Arizona.  The Court has personal jurisdiction over Defendant Pobloske under Michigan Compiled Laws Sections 600.705(1) and 600.705(5) because he transacted business and entered into

contracts for services when he employed McNally in Michigan withing the meaning of the FLSA.  Pobloske has also transacted business with persons and businesses located in Michigan.

8.      Defendant Scott Biaggi is an individual person who resides in Pima County, Arizona.  The Court has personal jurisdiction over Defendant Biaggi under Michigan Compiled Laws Sections 600.705(1) and 600.705(5) because he transacted business and entered into contracts for services when he employed McNally in Michigan withing the meaning of the FLSA.

9.      The Court has original subject matter jurisdiction over the claims asserted in the complaint under the FLSA in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.

10.     The Court has supplemental jurisdiction over the state law claims asserted in the complaint in accordance with Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

11.     Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

### Defendant AUV Fails to Pay McNally the Minimum
### Wage and Overtime Compensation

12.     Plaintiff Jason McNally worked for Defendant AUV from June 2016 until January 2020.

13.     Defendant AUV is an employer under the FLSA. 29 U.S.C. § 203(d).

14.     McNally was an employee within the meaning of the FLSA. 29 U.S.C. § 203(e) and (g).

15.     Defendant AUV is also an "enterprise" as defined by the FLSA and the company was (and is) engaged in commerce within the meaning of the FLSA. 29 U.S.C. § 203.

16.     In May 2018, Defendant AUV promoted McNally to a vice president role with an annual salary of $92,000, along with a guaranteed annual bonus of at least $12,500 and additional performance incentives based on the revenue generated by McNally's efforts. (Ex. 1, Employment Contract)

17.     Defendants Pobloske and Biaggi personally negotiated the terms of McNally's employment agreement.  Defendant Pobloske is shown here below during some of these contract negotiations where he memorialized the agreement on some of the terms of McNally's employment contract:



18.     In September 2018, McNally permanently moved to Michigan and he continued to work for Defendant AUV from Michigan from an office that he established for the company in a portion of McNally's home.  Defendants AUV and GST entered into a telecommuting and remote work agreement with McNally for the work he would perform on behalf of Defendants in

Michigan. (Ex. 2, Telecommuting Agreement)  The telecommuting agreement made clear that McNally's home office in Michigan was "an extension of [the] Company's workspace …." (*Id.* ¶ 23)

19.     McNally's first eligible bonus payment should have occurred in March 2019 (for the work he performed in calendar year 2018), but Defendant AUV refused to make payment. McNally should have received at least $12,500 in bonus payments for 2018, plus the additional merit incentives that he was entitled to receive.

20.     A few weeks earlier (in February 2019), Defendant AUV lost a major contract and its owners and managers (Defendants Matt Pobloske, Scott Biaggi, and GST Holding LLC) chose to hold on to the company's cash for the anticipated reduction in revenue.

21.     Defendant AUV then—at the direction of Defendants Matt Pobloske, Scott Bi-aggi, and GST Holding LLC—refused to pay McNally any compensation for the work he per-formed from November 10, 2019 until January 3, 2020.

22.     Defendant AUV also failed to pay McNally his bonus payment for the work that he performed in 2019, the value of which was at least $12,500, plus the additional merit incen-tives that he was entitled to receive.

23.     McNally resigned his employment with Defendant AUV in January 2020.

24.     For several months in 2019 and continuing into 2020, McNally complained about Defendant AUV's pay practices and requested (and pleaded) with Defendant AUV to pay him the money it owed him under his employment contract (and also as required by state and federal wage and hour law).  Defendant AUV refused to do so, and the company did so at the direction of Defendants Matt Pobloske, Scott Biaggi, and GST Holding LLC.

25.     Business conditions eventually improved for Defendant AUV, but it refused to pay

McNally the compensation it owed him. Defendants Matt Pobloske, Scott Biaggi, and GST Holding LLC directed Defendant AUV to withhold the payment owed to McNally.

26. There are no exemptions from the FLSA that would excuse Defendant AUV from failing to pay McNally at least the federally mandated minimum wage ($7.25) for all the hours that he worked from November 10, 2019 until January 3, 2020.

27. Defendant AUV failed to pay McNally $7.25 or more for all the work hours that he performed for Defendant AUV each workweek from November 10, 2019 until January 3, 2020.

28. There are no exemptions from Michigan's Workforce Opportunity Wage Act that would excuse Defendant AUV from failing to pay McNally at least the minimum hourly wage owed to him ($9.45 in 2019 and $9.65 in 2020) for all the hours that he worked from November 10, 2019 until January 3, 2020.

29. Defendant AUV failed to pay McNally at least $9.45 per hour (in 2019) and $9.65 per hour (in 2020) for all the work hours that he performed for Defendant AUV each workweek from November 10, 2019 until January 3, 2020.

30. Defendant AUV failed to pay McNally on a salary basis under the FLSA. 29 C.F.R. §§ 541.600 – 541.607. In fact, for many workweeks, Defendant AUV failed to pay McNally any compensation at all.

31. There are no exemptions from the FLSA that would excuse Defendant AUV from failing to pay McNally at a rate of 1.5 times his regular rate of pay for all the overtime hours he worked as required by the FLSA.

32. McNally's job with Defendant AUV was extremely labor intensive and the nature of his work required a significant time commitment from him each week. McNally worked at

least 60 hours per week for Defendant AUV, and sometimes he worked more than 60 hours per week.

33.     Defendant AUV suffered and permitted McNally to work more than 40 hours during certain work weeks.

34.     Defendant AUV willfully deprived McNally of the proper minimum wage and overtime compensation by paying him less than what the FLSA requires.

35.     Defendant AUV knew or should have known that McNally performed work that required the proper payment of minimum wage and overtime compensation.

36.     Defendant AUV knew that McNally worked overtime hours without receiving proper overtime pay because, among other reasons, Defendant knew that his job required overtime hours and Defendant AUV's agents and representatives have observed McNally performing their work at all hours of the day and on weekends.  McNally also specifically complained about Defendant AUV's improper pay practices and was rebuffed by, among others, Defendants Matt Pobloske, Scott Biaggi, and GST Holding LLC, all of which were acting on behalf of Defendant AUV LLC.

37.     Defendant AUV knew, or should have known, about its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

***Defendants Pobloske, Biaggi, and GST Holdings***
***Liability Under the Wage and Hour Laws***

38.     Defendants Pobloske, Biaggi, and GST Holdings are also each liable for the claims asserted in the complaint under the FLSA and Michigan's Workforce Opportunity Wage Act because they all had significant control over the day-to-day operations at Defendant AUV and, in particular, had substantial personal control over McNally's employment.

39.     Defendants Pobloske, Biaggi, and GST Holdings have ownership interests in Defen-

dant AUV (or these individuals and entities have at least a significant managing interest).

40.     Defendants Pobloske and Biaggi personally assigned work tasks to McNally on behalf of Defendant AUV and they personally made many other decisions regarding McNally's employment and working conditions while at Defendant AUV, including but not limited to whether to pay him the compensation he was owed under the FLSA and his employment agreement.

41.     Defendants Pobloske and Biaggi personally set the compensation rate and method of pay for McNally while he was employed at Defendant AUV, including personally making the decisions to withhold compensation owed to McNally.

42.     Defendant GST Holdings took the actions described in paragraphs 38 through 42 of the complaint through Defendants Pobloske and Biaggi.  Defendant GST Holdings also acted as McNally's employer and the company represented itself to McNally and others as his employer.

## COUNT 1

### FAILURE TO PAY THE MINIMUM WAGE IN
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

*(against all Defendants)*

43.     McNally repeats and incorporates all the previous allegations in his complaint.

44.     McNally often worked 60 hours or more each workweek on behalf of Defendants.

45.     Defendants did not pay McNally at least the federal minimum wage ($7.25) for all the hours that he worked each workweek from November 10, 2019 until January 3, 2020.

46.     Defendants willfully failed to pay McNally the minimum wage required by the FLSA. 29 U.S.C. § 206.

47.     Defendants knew that (or they had a reckless disregard for whether) the FLSA required them to pay the minimum wage required by the FLSA to McNally.

48.     McNally has retained an attorney to render legal assistance to him in this action so

- 8 -

that he may vindicate the impairment of his rights under the FLSA.

49.     By not paying McNally at least the hourly minimum wage of $7.25 for each hour that he worked, Defendants have violated the FLSA.

50.     McNally suffered damages as a result of Defendants' violations of the FLSA, that include, but are not limited to, back wages, liquidated damages, attorney's fees, and litigation costs.

## COUNT 2

### FAILURE TO PAY THE MINIMUM WAGE IN VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT

*(against all Defendants)*

51.     McNally repeats and incorporates all the previous allegations in his complaint.

52.     McNally often worked 60 hours or more each workweek on behalf of Defendants.

53.     Defendants did not pay McNally at least the minimum hourly wage of $9.45 per hour (in 2019) and $9.65 per hour (in 2020) for the hours that he worked each workweek from November 10, 2019 until January 3, 2020 as required by Michigan's Workforce Opportunity Wage Act.

54.     Defendants willfully failed to pay McNally the minimum wage required by the Workforce Opportunity Wage Act. MICH. COMP. LAWS § 408.414.

55.     Defendants knew that (or they had a reckless disregard for whether) the Workforce Opportunity Wage Act required it to pay the minimum wage required by Michigan law to McNally.

56.     McNally has retained an attorney to render legal assistance to him in this action so that he may vindicate the impairment of his rights under the Workforce Opportunity Wage Act.

57.     By not paying McNally at least the minimum hourly wage of $9.45 per hour (in 2019) and $9.65 per hour (in 2020) for each hour that he worked, Defendants have violated the

Workforce Opportunity Wage Act.

58.    McNally suffered damages as a result of Defendants' violations of the Workforce Opportunity Wage Act, that include, but are not limited to, back wages, liquidated damages, attorney's fees, and litigation costs.

### COUNT 3
#### FAILURE TO PAY OVERTIME WAGES IN
#### VIOLATION OF THE FAIR LABOR STANDARDS ACT
*(against all Defendants)*

59.    McNally repeats and incorporates all the previous allegations in his complaint.

60.    The FLSA requires covered employers to pay non-exempt employees like McNally no less than 1.5 times their regular rate of pay for all hours worked in excess of 40 in a workweek. 29 U.S.C. § 207.

61.    McNally worked more than 40 hours per week for Defendants during certain work weeks, but Defendants did not properly compensate him for all of the overtime hours that he worked as required by the FLSA.

62.    Defendants did not and have not made a good-faith effort to comply with the FLSA as it relates to the compensation of McNally.

63.    Defendants knew that McNally worked overtime without proper compensation, and they willfully failed and refused to pay McNally wages at the required overtime rates. 29 U.S.C. § 255.

64.    Defendants' willful failure and refusal to pay McNally overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

65.    McNally suffered damages as a result of Defendants' violations of the FLSA, that include, but are not limited to, back wages, liquidated damages, attorney's fees, and litigation costs..

- 10 -

## COUNT 4

### BREACH OF CONTRACT

*(against Defendant AUV LLC)*

66.     McNally repeats and incorporates all the previous allegations in his complaint.

67.     McNally and Defendant AUV had a contract of employment dated May 16, 2018. (Ex. 1, Employment Contract)

68.     Defendant AUV breached the contract by failing to pay McNally the wages and compensation owed under the agreement.

69.     McNally has suffered damages as a result of Defendant AUV's breach of the agreement.

## COUNT 5

### PROMISSORY ESTOPPEL AND QUANTUM MERUIT

*(against all Defendants)*

70.     McNally repeats and incorporates all the previous allegations in his complaint.

71.     Defendants made a promise to McNally that was clear and definite in which they promised to pay him wages and other compensation for the work he performed for Defendants.

72.     When Defendants made that promise to McNally, Defendants knew or should reasonably have expected that this promise would induce McNally to perform work for them and to forgo other employment opportunities.

73.     McNally did in fact perform work for Defendants and refrained from pursuing other employment and opportunities in reliance on Defendants' promise.

74.     McNally has suffered damages as a result of his reliance on Defendants' promises.

### JURY DEMAND

75.     McNally demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

**RELIEF REQUESTED**

76.     Plaintiff Jason McNally requests that the Court enter a judgment in his favor and against Defendants in an amount that will fully and fairly compensate his for all of his damages, losses, expenses, back wages, liquidated damages, attorney's fees, litigation costs, and interest.

77.     McNally also requests that the court grant him any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

JASON MCNALLY

Dated:  August 18, 2020                          By:    /s/  Mark S. Wilkinson
                                                              Mark S. Wilkinson (P68765)
                                                              *Attorney for Plaintiff*
                                                              PALADIN EMPLOYMENT LAW PLLC
                                                              251 North Rose Street
                                                              Suite 200, PMB № 288
                                                              Kalamazoo, MI 49007-3860
                                                              (tel.) 269.978.2474
                                                              mark@paladinemploymentlaw.com